# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MELODY G. WHITE, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 19-00847-WS-B |
| | * |
| ANDREW M. SAUL, | * |
| Commissioner of Social | * |
| Security, | * |
| | |
| Defendant. | |

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Unopposed Motion for Remand pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 14). This Motion has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(3).

A review of the pleadings in this case reveals that Plaintiff filed a complaint on October 21, 2019, alleging that the decision by the Administrative Law Judge (herein "the ALJ") "denying Plaintiff's disability benefits is not supported by substantial evidence in the record" and "is the result of an incorrect application of law and regulation to the facts of Plaintiff's case." (Doc. 1 at 2). In response, the Government filed an answer on January 21, 2020, denying Plaintiff's allegations in the complaint. (Doc. 10). However, in the instant motion, the

Government states that this matter should be remanded to the Commissioner of Social Security for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and that Plaintiff agrees. (Doc. 14). Defendant further states that "[o]n remand, the Appeals Council will instruct an administrative law judge (ALJ) to offer Plaintiff a supplemental hearing." (Id. at 1).

The Court finds that this is a tacit admission that Plaintiff's application was not appropriately considered and, thus, that this action should be reversed. Without reviewing the substantive evidence of record, this Court accepts Defendant's acknowledgment of error.

It appears to the Court that the decision of the Secretary should be reversed and remanded. Such remand comes under sentence four of 42 U.S.C. § 405(g). See Melkonyan v. Sullivan, 501 U.S. 89 (1991). For further procedures not inconsistent with this report, see Shalala v. Schaefer, 509 U.S. 292 (1993).

Accordingly, it is **RECOMMENDED** that Defendant's Motion for Remand under sentence four be **GRANTED** (Doc. 14) and that this action be **REVERSED** and **REMANDED** to the Social Security Administration for further administrative proceedings not inconsistent with the orders of this Court.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of [28 U.S.C. § 636(b)(1)](#) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or

3

refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **1st** day of **April, 2020.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**
