```
IN THE UNITED STATES DISTRICT COURT
  FOR THE SOUTHERN DISTRICT OF ALABAMA
            SOUTHERN DIVISION
```

MELODY G. WHITE,                *
                                *
     Plaintiff,                 *
                                *
vs.                             *
                                *   CIVIL ACTION NO. 19-00847-WS-B
                                *
                                *
ANDREW M. SAUL,                 *
Commissioner of Social Security,*
                                *
     Defendant.                 *

## REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff's unopposed[1] Application for Attorney Fees Under the Equal Access to Justice Act (EAJA) and Defendant's response thereto. (Docs. 18, 21). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(3).  Upon consideration of the pertinent pleadings, it is the recommendation of the undersigned that Plaintiff's application be granted and that Plaintiff be awarded a reasonable attorney fee in the amount of $813.68 under the EAJA for legal services rendered by her attorney in this Court.

Plaintiff commenced this action under 42 U.S.C. § 405(g)

---

[1] On June 15, 2020, the Commissioner filed a response to Plaintiff's Application for Attorneys Fees Under the Equal Access to Justice Act ("EAJA") stating that he does not oppose Plaintiff's motion and that he agrees to pay Plaintiff $813.68 in attorney fees under the EAJA.  (Doc. 21).

seeking judicial review of a final decision of the Commissioner denying her application for disability insurance benefits and supplemental security income. (Doc. 1). An order reversing and remanding the case for further administrative proceedings was entered on April 2, 2020, following the Government's acknowledgement of error and request that the matter be remanded to the Commissioner of Social Security for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Docs. 14, 16, 17). Plaintiff is thus the prevailing party.

Plaintiff timely filed a motion for attorney fees under the EAJA in the amount of $813.68. (Doc. 18). The Commissioner filed a response consenting to the payment of $813.68 to Plaintiff as attorney fees under the Act. (Doc. 21).

The undersigned finds, based on Plaintiff's application and the formula set forth in Lucy v. Astrue, 2007 U.S. Dist. LEXIS 97094, *13-14 (S.D. Ala. July 5, 2007), that an hourly rate of $203.42 is appropriate.[2] The undersigned further finds that 4.0 hours is a reasonable number of hours for attorney time expended representing Plaintiff in federal court.[3] Thus, considering 4.0

---

[2] As discussed in Plaintiff's application, the Lucy formula yields an hourly rate of $203.42, which the undersigned finds is reasonable. (Doc. 18).

[3] Plaintiff has attached to the motion a time sheet detailing the description of work performed, the time expended, and the date on which the work was performed. (Doc. 18 at 4). The undersigned has reviewed this document and has considered the circumstances

hours of work performed at a rate of $203.42 per hour, Plaintiff is entitled to the agreed upon attorney's fees of $813.68.

Upon consideration of all pertinent materials presented and the authorities cited herein, the undersigned Magistrate Judge **RECOMMENDS** that Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act be **GRANTED** and that Plaintiff be awarded a reasonable attorney fee in the amount of **$813.68** under the EAJA for legal services rendered by her attorney in this Court.[4]

---

presented, as well as the usual number of hours billed by attorneys in similar actions. See, e.g., Clausell v. Astrue, 2012 U.S. Dist. LEXIS 167856, *7, 2012 WL 5933025, *2 (S.D. Ala. Nov. 27, 2012) (awarding attorney fees under the EAJA and finding 19.2 hours of attorney time in a social security case to be reasonable); Carter v. Astrue, 2012 U.S. Dist. LEXIS 132089, *4-5, 2012 WL 4077289, *2 (M.D. Fla. Sept. 17, 2012) (accord) (finding 14 hours of attorney time in a social security case to be reasonable).

[4] The Supreme Court has held that an EAJA "fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." Astrue v. Ratliff, 560 U.S. 586, 589, (2010). "'In light of Ratliff, [the best] practice [is] to simply award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees. It is not the duty of the Court to determine whether Plaintiff owes a debt to the government that may be satisfied, in whole or in part, from the EAJA fees award. The Court leaves it to the discretion of the Commissioner to determine whether to honor [any] assignment of EAJA fees.'" Napier v. Colvin, 2014 U.S. Dist. LEXIS 89291, *15 n.1, 2014 WL 2960976, *1 n.1 (S.D. Ala. July 1, 2014) (citations omitted); Blackwell v. Colvin, 2015 U.S. Dist. LEXIS 23070, *9 n.4, 2015 WL 846423, *3 n.4 (S.D. Ala. Feb. 26, 2015).

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **17th** day of **June, 2020.**

                                    /s/ SONJA F. BIVINS
                              **UNITED STATES MAGISTRATE JUDGE**